No. 47,628

STATE OF KANSAS, *Appellee,* v. EVIE RAY LOHRBACH, *Appellant.*

(538 P. 2d 678)

Opinion filed July 17, 1975.

*Charles E. Worden,* assistant public defender, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: Evie Raymond Lohrbach, the defendant-appellant, was found guilty of having committed three felony offenses in the early hours of April 11, 1973: burglary, felony theft and felony damage to property. He was sentenced to consecutive prison terms of not less than nine (9) years nor more than life for the offense of burglary, not less than nine (9) years nor more than life for the offense of theft and not less than three (3) years nor more than life for the offense of criminal damage to property. The sentences were pronounced against him pursuant to the provisions

of K. S. A. 21-4504 (2) (Weeks 1974), commonly known as the Habitual Criminal Act, as being a person having previously been convicted of two (2) or more felonies.

Stated briefly the evidence showed that about 2 a. m. on April 11, 1973, a motorist passing by the Brothers Two Tavern in Topeka saw the back door of that establishment being closed and a green Thunderbird car, which had passed him sometime before, parked nearby. He alerted the police who, on arriving at the scene, found the defendant lying in the bushes next to the building. Some $48 in quarters and other small coins were found on his person, along with two canisters of Chemical Mace and thirteen Dutch Master cigars. A large quantity of Coors beer reposed in the trunk of the Thunderbird. A check of the tavern disclosed it had been surreptitiously entered and the following items were missing: several rolls of quarters, two canisters of Mace, ten to twenty cigars, twenty-three cases of beer, miscellaneous small change and a screwdriver. Two coin operated machines worth $300 each had been vandalized and rendered valueless.

Two points are raised on appeal:

1. The trial court erred in admitting prior felony convictions as evidence without a showing of factual similarity.

2. The trial court erred in sentencing the defendant as an habitual offender upon evidence of four prior felony convictions, when those convictions all occurred the same date.

We turn to the first point. During the trial, journal entries were introduced into evidence, showing that Mr. Lohrbach had been convicted of two burglary and larceny charges in the district court of Shawnee County on November 23, 1965. The defendant complains there was no showing of similarity between the circumstances of the former offenses and those involved in the instant case. Hence, he argues, the convictions were inadmissible.

So far as pertinent, K. S. A. 60-455 provides that although evidence that a person has committed a crime on a specified occasion is not admissible to prove his disposition to commit crime as the basis for an inference that he committed another crime on another occasion, yet such evidence is admissible when relevant to prove some other material fact, including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. This statute has been before us on many a past occasion and we presume the end is not in sight.

On the basis of the record before us we believe the evidence of

former convictions of burglary and larceny was admissible on the issue of intent, even though a specific showing of similarity was not made. Specific intent is an element of both burglary and larceny; an intent on the part of a burglar to commit a felony or theft in the structure or means of conveyance which he has entered, and intent on the part of a thief to deprive the owner permanently of the possession, use or benefit of his property.

The defendant did not deny having committed the acts charged against him. No issue was raised going to identity, where similarity between the offense charged and past offenses is of substantial importance. The defense offered by the accused in this case was that of insanity. A defense of this nature places intent squarely in issue; it calls into question the defendant's capacity to formulate a specific intent as well as a capacity to entertain in a legal sense a general criminal intent. (22 C. J. S., Criminal Law, § 56, p. 194.)

In two cases of recent origin, *State v. Nading*, 214 Kan. 249, 519 P. 2d 714, and *State v. Myers*, 215 Kan. 600, 527 P. 2d 1053, this court dealt with the admissibility of prior convictions bearing on the issue of intent. Mr. Nading and Mr. Myers were jointly charged but separately tried for attempted burglary stemming from their unorthodox and suspicious behavior as they prowled around a dwelling house at the unusual hour of 4 o'clock a. m. In explanation of their bizarre behavior Mr. Nading testified at his trial they were searching for a hydrant from which to quench their urgent thirst. In the *Nading* case, we said:

"The previous convictions here were of a similar nature to the offense charged, sufficiently so, we think, that they could properly be taken into consideration as casting light upon the issue of the intent with which appellant's acts at the Hansen residence were done. We think the probative worth of this evidence sufficiently outweighed any possible prejudicial effect so as to render it admissible within the trial court's discretion. Consequently it must be held the court did not err in this respect." (p. 255.)

In *State v. Jenkins*, 203 Kan. 354, 454 P. 2d 496, the defendant was tried for robbery in the first degree. On appeal he complained that the details of a prior conviction introduced under the provisions of K. S. A. 60-455 had not been shown. Concerning this complaint, we said:

". . . We cannot agree with the appellant's theory. The fact that the appellant had been convicted of a previous offense of first degree robbery would tend to prove certain elements of the offense charged. . . .

. . . . . . . . . . . . . .

"A previous offense may under some circumstances tend to prove some of the elements mentioned in the statute although there is little similarity, and

by the same token, a similar crime may not be relevant as tending to prove all of the elements mentioned in the statute. These are matters that must be left to the sound discretion of the trial court, and the admission of evidence of previous crimes must always be accompanied with proper limiting instructions." (p. 356.)

In our judgment the evidence of Mr. Lohrbach's prior convictions for burglary and larceny was admissible as to the element of intent, and no abuse of discretion may be charged against the trial court in permitting its introduction.

Turning to the second point, our attention is called to the fact that the four prior convictions introduced by the state, and on which the trial court relied in passing sentence against the defendant as a three-time offender, all occurred on the same day, November 23, 1965. Because the convictions were simultaneous, or practically so, the defendant argues they could be considered as only one previous conviction for the purpose of enhancing the sentence. We believe there is merit in his argument.

The basic philosophy underlying recidivist statutes might be expressed in this fashion: where the punishment imposed against an offender for violating the law has failed to deter him from further infractions, a harsher and more severe penalty is justified, the idea being, hopefully, that the greater punishment may serve as an object lesson and cause him to accomplish his reformation, where the lesser penalty had failed in that respect.

Recidivist statutes have long been a part of our criminal code. In G. S. 1868, ch. 31, § 289, we find a provision that if any person convicted of felony be discharged upon pardon or compliance with the sentence, and shall subsequently be convicted, he shall be punished by confinement at hard labor for the longest term prescribed upon conviction for the first offense. The precursor of our present statute was enacted for the first time in 1927. In passing upon the validity of that act this court made the following observation in *State v. Woodman*, 127 Kan. 166, 272 Pac. 132:

". . . Formerly the imposition of the sentence was left to the discretion of the trial judge within limitations, and it was common for old offenders and hardened criminals to receive severe sentences while first offenders convicted of the same crime were leniently dealt with. And it is a salutary provision of law that criminals whom the law's *discipline* has hitherto failed to reform by prior conviction and punishment should form a class to be more severely punished than first offenders. . . ." (Emphasis supplied.) (p. 171.)

The *Woodman* case was cited in *State v. Ricks*, 173 Kan. 660, 661, 250 P. 2d 773, wherein we stated:

"The avowed purpose and salutary provisions of the habitual criminal law as a disciplinary measure for those whom previous conviction and *punishment* have failed to reform were stated early in *State v. Woodman,* supra, and need not be repeated here." (Emphasis supplied.)

The latest expression of the legislative will in this area is found in K. S. A. 21-4504 (Weeks 1974), which reads in part as follows:

"Every person convicted a second or more time of a felony, the punishment for which is confinement in the custody of the director of penal institutions, upon motion of the prosecuting attorney, may be by the trial judge sentenced to an increased punishment as follows:

"(1) If the defendant has previously been convicted of not more than one felony:

"(a) The court may fix a minimum sentence of not less than the least nor more than twice the greatest minimum sentence authorized by K. S. A. 1972 Supp. 21-4501 for the crime for which the defendant stands convicted; and

"(b) Such court may fix a maximum sentence of not less than the maximum provided by K. S. A. 1972 Supp. 21-4501 for such crime nor more than twice such maximum.

"(2) If the defendant has previously been convicted of two (2) or more felonies:

"(a) The court may fix a minimum sentence of not less than the least nor more than three times the greatest minimum sentence authorized by K. S. A. 1972 Supp. 21-4501 for the crime for which the defendant stands convicted; and

"(b) Such court may fix a maximum sentence of not less than the maximum prescribed by K. S. A. 1972 Supp. 21-4501 for such crime, nor more than life."

We have had no occasion to consider the precise question posed by this record, but our decisions shed considerable light on our trend of thought in the general area. In *State v. Felton,* 194 Kan. 501, 399 P. 2d 817, the defendant was convicted of robbery committed in Johnson County, November 17, 1954. Before being tried on the robbery charge, Felton was convicted of burglary and grand larceny in Sedgwick County. Thereafter and on March 23, 1956, Felton was convicted of the Johnson County robbery and the trial court pronounced sentence under the Habitual Criminal Act, using the Sedgwick burglary and larceny conviction as a prior conviction. Our holding on reversal is reflected in syllabus 3:

"Following the general rule it is *held* that in order to enhance the punishment authorized by the Habitual Criminal Act (K. S. A. 21-107a), it is a prerequisite that the prior conviction or convictions relied on precede the commission of the principal offense."

In the *Felton* opinion we quoted from the *Woodman* and *Ricks* opinions, remarking that they dealt with the "fundamental purpose

and objective of the Habitual Criminal Act." (p. 504.) Cited also was language from *State v. Close*, 130 Kan. 497, 287 Pac. 599, to the effect that the legislature, on enactment of the Habitual Criminal Act, had it in mind to "deter the criminally inclined from repeated felonies."

In *State v. Walden*, 208 Kan. 163, 490 P. 2d 370, we used the following language:

". . . The cases mentioned declare that prior convictions relied on to enhance the punishment as authorized by the habitual criminal act must precede the commission of the principal offense. . . ." (p. 166.)

A set of facts more nearly comparable to those in the case at hand came before this court in *State v. Murray*, 200 Kan. 526, 437 P. 2d 816, where the defendant had previously been convicted of burglary and larceny arising out of a single taking. The trial court in pronouncing sentence considered the prior convictions as being two in number and sentenced the defendant as though he had been convicted a third time of felony. In reversing the lower court as to the sentence, we said:

"The habitual criminal act was passed in the hope of bringing about a reformation of criminals by an increased penalty for a second offense and when that hope of reformation had passed then the increased punishment should be meted out for the third offense. . . ." (p. 530.)

The reasoning behind our several cases leads us to the conclusion that the four convictions occurring on November 23, 1965, may be used only as a single conviction for the purpose of enhancing the penalty imposed upon the defendant. Hence, Mr. Lohrbach could have been sentenced only as a "one-time loser" on the basis of the four convictions introduced by the state at time of sentencing.

In reaching this result we follow the rule generally prevailing throughout this country, as expressed in 24 A. L. R. 2d Anno: Habitual Criminal Statutes, § 9, p. 1262:

"The majority of the cases in which the courts have construed statutes which, in substance, provide for enhancement of the punishment of one previously convicted, hold that where there were two or more convictions on as many indictments or on two or more counts in the same indictment, only one of them may subsequently be utilized as a previous conviction within the contemplation of habitual criminal statutes."

The judgment of the court below is sustained as to the conviction but reversed as to sentence, and the cause is remanded for resentencing.

It is so ordered.

FROMME, J., not participating.