No. 55,934

STATE OF KANSAS, *Appellee*, v. RICHARD E. CLEVENGER, *Appellant*.

(683 P.2d 1272)

Opinion filed July 13, 1984.

*Edward W. Dosh,* of Parsons, argued the cause and was on the brief for the appellant.

*Edwin H. Bideau III,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by Richard E. Clevenger from his conviction of two counts of vehicular homicide, K.S.A. 21-3405, and one count of driving under the influence (DUI) of alcohol, K.S.A. 1983 Supp. 8-1567.

Richard E. Clevenger, appellant, was charged with three counts of vehicular homicide in violation of K.S.A. 21-3405, driving under the influence of alcohol or drugs (DUI) in violation of K.S.A. 1983 Supp. 8-1567, driving without a valid operator's license in violation of K.S.A. 1983 Supp. 8-262, reckless driving in violation of K.S.A. 8-1566, and following too closely in violation of K.S.A. 8-1523. The charges stem from an accident on January 29, 1983. Clevenger was traveling north on U.S. Hwy. 59 and collided head-on with another vehicle just outside Erie, Kansas. As a result of the accident, all three occupants of the car hit by appellant, two women and one boy, were killed. One of the women who died was pregnant and her fetus was also killed. At the time of the accident, Clevenger was legally blind, had no driver's license, and was under a diversion agreement from a previous DUI arrest. That day he had been drinking at local taverns in Parsons, in violation of his diversion agreement.

Appellant entered a plea of nolo contendere on May 17, 1983, to two counts of vehicular homicide and one count of DUI and was found guilty by the court. The remaining counts were

dismissed. A presentence investigation was conducted including a psychological evaluation and medical report from the appellant's opthalmologist. The medical report showed appellant was legally blind in both eyes. The investigation also revealed appellant had been barred from driving as early as March 27, 1976. The presentence report recommended imposition of the maximum sentence provided by law and that the sentences run consecutively. The report also noted appellant denied being drunk the night of the accident, even though his blood alcohol content was .15%, and that he continued to drink alcohol after the fatality accident.

On June 28, 1983, he was sentenced. The evidence presented in connection with sentencing showed appellant was previously charged in Labette County, Kansas, on October 20, 1982, with one count of DUI in violation of K.S.A. 1983 Supp. 8-1567, and one count of operating a motor vehicle while in possession of an open container in violation of K.S.A. 41-804.

Appellant chose to enter into a diversion agreement in that case on December 20, 1982. As a result, the case was dismissed without prejudice against Clevenger pursuant to an order of December 21, 1982.

Due to the December 1982 diversion agreement, the appellant was sentenced in the instant case as a second time offender. He received a one-year sentence on each of the vehicular homicide counts and one year on the DUI and was fined $2500 on each of the vehicular homicide counts and $1000 on the DUI count. These sentences were ordered to run consecutively.

Subsequently, appellant failed to complete the diversion program from his original DUI charge. Criminal proceedings in that case were resumed on May 3, 1983.

The sole issue in this case is whether consideration of the diversion agreement as a conviction, for purposes of sentencing under K.S.A. 1983 Supp. 8-1567, constitutes a violation of appellant's constitutional right to due process since his guilt or innocence was not adjudicated prior to entering into the diversion agreement.

Appellant argues the diversion agreement provision of 8-1567 is unconstitutional. K.S.A. 1983 Supp. 8-1567, which mandates more severe punishment for those "convicted" twice of violating the statute, states the term "conviction" includes "being con-

victed of a violation of this section or entering into a diversion agreement in lieu of further criminal proceedings in a complaint alleging a violation of this section." K.S.A. 1983 Supp. 8-1567(*i*). The section of the statute appellant challenges, therefore, defines diversion as a "conviction." The effect of this definition is that a defendant who has accepted diversion for his first charge is required to receive a harsher sentence if he is charged a second time and convicted of a violation of the statute. Appellant argues this mandates a defendant receive a harsher sentence without due process since the alleged violation which led to diversion was never adjudicated.

Appellant notes other sentence enhancement statutes do not include diversion as a prior "conviction." See K.S.A. 1983 Supp. 8-262(*a*), driving with a suspended license; K.S.A. 21-3708, writing worthless checks; and K.S.A. 1983 Supp. 21-4504, the Habitual Criminal Act. He contends the absence of the word "diversion" from these statutes indicates the DUI law is the exception, not the rule. A statute is not unconstitutional merely because it is an exception. Further, it is important to note the history of diversion in Kansas.

Diversion has been offered as a statutory option to institutionalization only since 1978. The various statutes noted by appellant which do not include diversion were enacted prior to 1978.

Black's Law Dictionary 403 (4th ed. rev. 1968), states conviction: "[i]n ordinary phrase . . . is the finding by the jury of a verdict that the accused is guilty. But, in legal parlance, it often denotes the final judgment of the court." Diversion could be considered the final judgment of the court since it allows the defendant to follow a program which, if successfully completed, results in dismissal of the charges. There is no plea of guilty or otherwise in a diversion agreement since the law specifically disallows the prosecution from taking one. See K.S.A. 1983 Supp. 22-2910. If, however, the program is not completed, the defendant is prosecuted and the program is then not the final action in the case. Thus, diversion is not a conviction in the traditional sense. This alone, however, is not lack of due process.

Other states do not require a finding of guilt for the first violation of a law in order to support an enhanced sentence for a second violation. In South Carolina, forfeiture of bail alone is automatically considered a conviction when determining

whether an individual is a habitual violator. S.C. Code Ann. § 56-1-10(11) (Law.' Co-op. 1976). Colorado has recognized that "the term 'conviction' has different meanings in different statutory contexts." *Walker v. Dist. Ct.,* 199 Colo. 128, 132, 606 P.2d 70 (1980).

In the context of the Habitual Criminal Act, K.S.A. 1983 Supp. 21-4504, this court has held "it is the nature of the offense not the manner of punishment, which determines the applicability of the habitual criminal act," and thereby a harsher sentence. *State v. Shepley,* 203 Kan. 635, 636, 456 P.2d 8 (1969). A similar statement can be made of the DUI laws. The important fact is that an offense of driving while under the influence has occurred twice. The fact the defendant was lucky enough to be allowed diversion in the first case should not preclude the enhancement of the sentence for a second offense. The only real difference between diversion and jail time on a first offense is the incarceration.

The nature of diversion in the context of DUI violations is particularly indicative of the diversion's conviction-like nature. In order to enter into a diversion agreement, a defendant must stipulate to the facts constituting the offense. If the diversion program is not completed, a trial is had to the court based solely upon the stipulation. Thus, while there is not a guilty plea, there is an admission by the defendant of the commission of the offense.

As part of the diversion, the defendant must pay the minimum statutory fine for a first offense or complete a set number of hours of community service. See K.S.A. 1983 Supp. 22-2909(c)(1). The defendant must also enroll in and successfully complete an alcohol and drug safety program or an appropriate treatment program. The costs of either program must be paid for by the defendant. See K.S.A. 1983 Supp. 22-2909(c)(2). Thus, diversion is equal to the punishment for a first offense, except for the incarceration.

Appellant further claims the use of the diversion as a conviction denies due process since it is entered into prior to an adjudication of guilt. While it is true there is no adjudication, there is a stipulation entered into by the defendant and the prosecutor stating the facts which constitute the offense. Further, the defendant must waive all constitutional rights to a speedy

trial and to a trial by jury. See K.S.A. 1983 Supp. 22-2909(*a*). Finally, and most importantly, the defendant's decision to enter the diversionary program is completely voluntary. The defendant may choose to go to trial, rather than accept diversion. The trial phase guarantees all constitutional rights. Hence, there can be no claim the waiver of due process rights which accompanies the diversion agreement is not voluntary.

Therefore, the defendant in the instant case who voluntarily accepted diversion, with knowledge that he was waiving his due process rights, and with knowledge that the diversion would be considered a conviction if he was ever convicted and sentenced again, cannot now argue he was deprived of due process in the first instance. Such a claim may be considered invited error. This court has held a litigant may not invite error and then complain of that error on appeal. See *State v. Reynolds,* 230 Kan. 532, Syl. ¶ 3, 639 P.2d 461 (1982). Also appellant's argument ignores the fact that all constitutional rights may be freely and voluntarily waived. Diversion is an example of this principle. Should a defendant's diversion later prove to be faulty for any reason, the defendant may use the new information to support an application for adjustment of sentence.

It is also important to remember that defendant is *sentenced* pursuant to the first offense, not convicted. Thus, the earlier offense has no bearing on the defendant's guilt or innocence in the second case. If the defendant is found guilty then the earlier offense is utilized by the court only for sentencing purposes.

The final issue of importance in this case is the public policy behind the statute in question. The intent of allowing diversion for the first DUI offense was the legislature's recognition that although it had done away with plea bargaining, it deemed it appropriate to offer a less harsh option for a first offense. If, however, a defendant commits a second offense, there are no breaks. The purpose of sentence enhancement is to punish those who violate the law repeatedly. See *State v. Lohrbach,* 217 Kan. 588, 591, 538 P.2d 678 (1975). A repeated violator of the DUI law should be subject to sentence enhancement on a second offense regardless of whether the individual went to jail or sought diversion for the first offense.

Finally, we have repeatedly held the constitutionality of a statute is presumed, that all doubts are resolved in favor of its

validity, and before the statute is stricken down, it must clearly appear the statute violates the constitution. See *Leek v. Theis,* 217 Kan. 784, 539 P.2d 304 (1975). The appellant has failed to show this statute clearly violates the constitution. We hold K.S.A. 1983 Supp. 8-1567 constitutional.

The judgment of the trial court is affirmed.

HOLMES, J., not participating.