No. 58,004
and
No. 58,005

STATE OF KANSAS, *Appellee*, v. LAWRENCE N. BOOZE, *Appellant*.

(712 P.2d 1253)

Opinion filed January 17, 1986.

*Daniel E. Monnat*, of Fisher & Monnat, of Wichita, argued the cause, and *Stanley Spurrier, III*, of the same firm, was with him on the brief for the appellant.

*Kimberly Gee Vines*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: Lawrence N. Booze (defendant-appellant) appeals his sentence as a second offender for driving under the influence of alcohol. K.S.A. 1983 Supp. 8-1567(d). The defendant contends that a conviction on the first offense did not precede the commission of the second offense; therefore, the "sequential relationship" requirement of *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), was not met. Accordingly, the defendant claims the trial court erred by failing to sentence him as a first offender on the second conviction.

The defendant was cited for driving under the influence of alcohol on July 3, 1983, in Sedgwick County, Kansas. On December 23, 1983, the defendant entered into a diversion agreement with the State on this charge. The diversion was to last for one year, at the end of which—providing the defendant did not

violate the terms of the agreement—the charges would be dismissed with prejudice. K.S.A. 1983 Supp. 22-2911. On November 30, 1984, approximately one month before the end of the diversion, the defendant was again cited for DUI in Sedgwick County, Kansas. Shortly thereafter, the State filed a motion to terminate the defendant's diversion and reinstate prosecution on the first offense due to the defendant's failure to comply with the terms of the agreement.

The proceedings on both the first and second DUI offenses occurred on February 21, 1985, in the Sedgwick County District Court. The defense counsel announced that an agreement had been reached with the State whereby the defendant would consent to revocation of his diversion and would plead guilty to both charges while the State would not oppose the defendant's legal argument that he should be sentenced as a first offender on both convictions. The State also agreed to recommend the minimum sentences. Thereafter, the defendant did plead guilty to both charges.

At the sentencing hearing on March 13, 1985, the trial judge informed the defendant that, according to his interpretation of K.S.A. 1983 Supp. 8-1567(i), the second DUI offense would be subject to mandatory enhancement and that he would pronounce sentence accordingly. The defendant was given an opportunity to withdraw his plea, but he declined to do so. The court then proceeded to sentence the defendant as a first offender on the original DUI charge, and as a second offender on the second DUI charge. This appeal followed.

The sole issue in this case is whether a diversion agreement becomes a "conviction" for purposes of sentencing under K.S.A. 1983 Supp. 8-1567 when it is first entered into, or not until the diversion has been completed and the charges dismissed with prejudice.

Under K.S.A. 1983 Supp. 8-1567, a previous conviction of the same offense is not an element of the substantive crime, but serves only to enhance punishment. The statute itself is a "self-contained habitual criminal act." See *State v. Loudermilk*, 221 Kan. 157, 161, 557 P.2d 1229 (1976). The term "conviction" is defined in 8-1567(i) as follows:

"For the purpose of determining whether a conviction is a first, second or third or subsequent conviction for the purpose of sentencing under this section, *the*

term *'conviction' includes* being convicted of a violation of this section or *entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section.* For such purpose 'conviction' also includes being convicted of a violation of a law of another state or an ordinance of any municipality which prohibits the acts that this section prohibits or entering into a diversion agreement in lieu of further criminal proceedings in a case alleging a violation of such a law or ordinance. For the purpose of this section, only convictions occurring in the immediately preceding five years, including prior to the effective date of this act, shall be taken into account." (Emphasis added.)

The defendant argues that in order for a diversion to truly be "in lieu of further criminal proceedings," the diversion must have been completed and all charges dismissed. Until that time, the charges may be reinstated if the defendant breaches his agreement, and "further criminal proceedings" had. In the case at bar, the second charge arose *during* the diversion period. Following this second offense, the charges on the first offense were reinstated and the defendant was later convicted—on the same day—of *both* charges. The defendant argues that this sequence—offense, offense, conviction, conviction—violates the "sequential relation" requirement for enhancement of sentences as stated in *State v. Osoba*, 234 Kan. at 444:

" '[F]or enhancement of sentence of a defendant as a second offender [under K.S.A. 8-1567], the previous conviction must have occurred prior to commission of the principal offense.' "

Accordingly, the defendant claims the sentence on his second DUI conviction should not have been enhanced.

The State, on the other hand, argues that the *Osoba* sequential relation requirement was complied with in this case because there was a "conviction" on the first offense at the moment the defendant entered into the diversion agreement. The State further argues that this court's holding in *State v. Clevenger*, 235 Kan. 864, 683 P.2d 1272 (1984), is dispositive of the case at bar.

In *Clevenger*, as in the instant case, the defendant was charged with his second DUI offense while he was on diversion for a previous DUI offense. Accordingly, charges on the first offense were reinstated. The defendant was then sentenced as a second-time offender on the second offense. The defendant appealed the enhanced conviction, claiming that considering diversion to be a "conviction" for purposes of sentencing constituted a violation of his constitutional right to due process

since his guilt or innocence had not been adjudicated prior to entering into the diversion agreement.

After considering the nature of diversion agreements and the public policy behind the enhanced sentencing statute, the court concluded that by entering into a diversion agreement, the defendant waived his rights to due process; therefore, construing "conviction" to include diversion did not violate his constitutional rights.

Due to the factual setting of the case, the court, in order to reach its holding, necessarily assumed that K.S.A. 1983 Supp. 8-1567(i) includes a diversion, *which has not been completed*, in its definition of "conviction." However, the issue of whether this was the correct interpretation of 8-1567(i) was not raised in *Clevenger*, and the court did not address it. Therefore, the instant case is not controlled by the decision in *Clevenger*, although much of the rationale of that case is persuasive.

The question now before this court is one of statutory interpretation. Under K.S.A. 1983 Supp. 8-1567(i), the term "conviction" includes "entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section." Must the diversion be completed before it operates as a "conviction" under the statute?

The defendant argues that if the drafters of the statute had intended that the mere *entry* into a diversion agreement would be considered a "conviction," they would not have needed the additional language "in lieu of further criminal proceedings." The defendant points to the rule of statutory construction which states that effect must be given, if possible, to the entire act and every part thereof, and cites *State v. Flummerfelt*, 235 Kan. 609, 612, 684 P.2d 363 (1984), to support his argument. Since "further criminal proceedings" may be instigated up until the time the diversion is completed, the words "in lieu of further criminal proceedings" can only mean—according to the defendant—that the diversion has been completed.

By focusing on the language "in lieu of further criminal proceedings," the defendant has failed to read the operative language of the statute in its entirety. The *whole* phrase reads "entering into a diversion agreement in lieu of further criminal proceedings *on a complaint alleging a violation of this section.*" (Emphasis added.) If the drafters had ended the phrase after the word "diversion" (as defendant suggests they would have had

they meant that simply entering into diversion operates as a "conviction"), it would have been possible to interpret the statute to mean entering into diversion on a charge *other than for DUI.* This was obviously not their intent. Therefore, the additional language "in lieu of further criminal proceedings on a complaint alleging a violation of this section" is necessary to specify *what* charge was diverted. Also, the language beginning "in lieu of" was lifted directly from the diversion statutes (K.S.A. 22-2906 *et seq.*). For instance, K.S.A. 1983 Supp. 22-2909(c) provides:

"If a diversion agreement is entered into *in lieu of further criminal proceedings on a complaint alleging a violation of K.S.A. 8-1567* . . . , the diversion agreement shall include a stipulation." (Emphasis added.)

It is a well established canon of statutory construction that penal statutes are to be strictly construed against the State. *State v. Dubish,* 234 Kan. 708, 712, 675 P.2d 877 (1984). However, this rule of strict construction simply means that ordinary words are to be given their ordinary meanings. *State v. Floyd,* 218 Kan. 764, 766, 544 P.2d 1380 (1976). K.S.A. 1983 Supp. 8-1567(i) clearly states that "entering" into a diversion agreement is a conviction for purposes of enhancing sentence. If the drafters had intended that diversion would operate as a conviction only upon its completion, they could easily have said so.

The rule of strict construction of penal statutes is also subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative intent. *State v. Fowler,* 238 Kan. 213, 708 P.2d 539 (1985). In determining legislative intent, the court may properly look to the purpose to be accomplished, and the necessity and effect of the statute. *State ex rel. Stephan v. Lane,* 228 Kan. 379, Syl. ¶ 11, 614 P.2d 987 (1980).

In *Clevenger,* 235 Kan. at 867, this court stated:

"The nature of diversion in the context of DUI violations is particularly indicative of the diversion's conviction-like nature. In order to enter into a diversion agreement, a defendant must stipulate to the facts constituting the offense. If the diversion program is not completed, a trial is had to the court based solely upon the stipulation. Thus, while there is not a guilty plea, there is an admission by the defendant of the commission of the offense."

The only real difference between diversion and being sentenced as a first offender (K.S.A. 1983 Supp. 8-1567[c]) is the incarceration. Under 22-2909(c), the defendant must pay the minimum statutory fine for a first offense or complete a set

number of hours of community service, and he must enroll in and complete an alcohol and drug safety program. Moreover, the purpose behind the first offender sentence and the requirements of diversion are the same—both seek to rehabilitate.

This court, in *Clevenger*, discussed the public policy behind considering a diversion a "conviction" for purposes of sentence enhancement and stated:

"The intent of allowing diversion for the first DUI offense was the legislature's recognition that although it had done away with plea bargaining, it deemed it appropriate to offer a less harsh option for a first offense. If, however, a defendant commits a second offense, there are no breaks. The purpose of sentence enhancement is to punish those who violate the law repeatedly. See *State v. Lohrbach*, 217 Kan. 588, 591, 538 P.2d 678 (1975). A repeated violator of the DUI law should be subject to sentence enhancement on a second offense regardless of whether the individual went to jail or sought diversion for the first offense." 235 Kan. at 868.

In view of the nature of diversion in DUI cases, and the public policy behind sentence enhancement in DUI cases, it is apparent that the legislature must have intended that once a defendant has entered into a diversion agreement, he will be considered as having been "convicted" for purposes of enhancing his sentence if he commits another DUI offense. There is no reason to presume the legislature intended that only a person who has successfully completed diversion should be treated as a repeat offender if he is again charged with DUI.

Despite the clear meaning of the statute and the obvious intent of the legislature, the defendant contends that construing the statute as defining a diversion as a conviction prior to the completion of the diversion could result in various "absurd" consequences, and that a statute should be construed in such a way to avoid absurd results.

The defendant first asserts that under the trial court's interpretation of the statute he could have been sentenced as a third offender after having committed only two offenses: he received his first "conviction" when he entered into diversion, and his second and third when he plead guilty to both offenses. This argument is without merit. No court could consider a defendant twice convicted for the same offense when pronouncing sentence. The statute was not meant to be interpreted to bring about this "absurd" result.

The defendant next asserts that if the mere act of entering into

diversion is a "conviction," absolutely no purpose is served by later trying the defendant on the stipulated facts if the diversion is revoked. By the same token, if the defendant's diversion is revoked, he should be able to assert the defense of double jeopardy (since he has already been "convicted") at his hearing on the stipulated facts. In asserting this argument, the defendant has forgotten that the diversion is considered a "conviction" only for purposes of sentence enhancement pursuant to 8-1567, and for purposes of determining whether he is a "habitual violator" pursuant to K.S.A. 8-285. If the diversion is revoked, the defendant must be tried on the stipulated facts. K.S.A. 1983 Supp. 22-2909(c). Since the defendant would not have entered a guilty plea prior to entering into diversion (K.S.A. 1983 Supp. 22-2910), it is possible the defendant may be acquitted on the charge. If he is acquitted, he will not be subject to sentence enhancement on a subsequent offense. If, however, he is found guilty, he will be subjected to the minimum penalties of 8-1567(c) and must be incarcerated. Moreover, his conviction will become a matter of public record. On the other hand, if the defendant successfully completes his diversion, the charges will be dismissed with prejudice. The fact that the defendant participated in diversion may then only be considered for purposes of enhancing sentence for a later DUI offense, or for determining whether he is a habitual traffic violator under 8-285. See K.S.A. 1983 Supp. 22-2911(d). For any other purpose, the defendant's record will be cleared of his first DUI offense if he successfully completes diversion. Therefore, the defendant's argument that no purpose is served by a hearing on the stipulated facts, subsequent to revocation of diversion, is without merit.

Finally, the defendant asserts that an "absurd" result would follow if he commits a second DUI offense during diversion and is sentenced as a second offender based on the diversion being considered the equivalent of a "conviction," but then he is later acquitted on the first charge. The simple rebuttal to this argument was stated in *Clevenger*, 235 Kan. at 868, as follows: "Should a defendant's diversion later prove to be faulty for any reason, the defendant may use the new information to support an application for adjustment of sentence."

The defendant's arguments have failed to show that the statute should not be interpreted according to its plain meaning.

Therefore, we hold that, pursuant to K.S.A. 1983 Supp. 8-1567(i), entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of 8-1567 is to be considered a conviction for purposes of sentence enhancement.

The judgment of the lower court sentencing the defendant as a second offender is affirmed.