(911 P.2d 822)

No. 72,640

STATE OF KANSAS, *Appellee*, v. JAMES K. KNOFF, *Appellant*.

Opinion filed February 16, 1996.

*Casey J. Cotton*, of Cotton & Cotton, of Wichita, for appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ROYSE, P.J., GERNON and PIERRON, JJ.

ROYSE, J.: James Knoff appeals the district court's determination that he is a habitual violator as defined by K.S.A. 8-285. He contends he did not have three convictions within the required period, because he entered into a diversion agreement more than 5 years before his last qualifying DUI conviction.

This appeal presents a question of first impression. At issue is the construction of K.S.A. 8-285(b), which contains a definition of "conviction" for purposes of the Habitual Violator Act.

A "habitual violator" is any person who, within the immediately preceding 5 years, has been convicted in this or any other state three or more times of certain listed offenses. K.S.A. 8-285(a). One of the offenses listed is driving a motor vehicle while under the influence of drugs or alcohol, contrary to K.S.A. 1995 Supp. 8-1567. K.S.A. 8-285(a)(2).

K.S.A. 8-285(b) defines "conviction":

"For the purpose of subsection (a)(2) [driving under the influence], in addition to the definition of 'conviction' otherwise provided by law, conviction includes, but is not limited to, a diversion agreement entered into in lieu of further criminal proceedings, or a plea of *nolo contendere*, on a complaint, indictment, information, citation or notice to appear alleging a violation of K.S.A. 8-1567 and amendments thereto. . . ."

The State brought this action to have Knoff declared a habitual violator. The parties stipulated to Knoff's driving record:

January 6, 1988 Knoff entered into diversion agreement on DUI charge.

May 11, 1989 After diversion was revoked, Knoff pled nolo contendere to DUI charge.

September 15, 1989 Knoff pled nolo contendere to second DUI charge.

February 7, 1994 Knoff pled nolo contendere to third DUI charge.

Based on the last three events in this record, the district court determined that Knoff was a habitual violator.

Knoff argues his first conviction for purposes of K.S.A. 8-285 occurred on January 6, 1988, the date he entered into a diversion agreement. That date is more than 5 years before his latest qualifying conviction on February 7, 1994. The State argued in the district court that only a successful diversion may be considered a conviction; if diversion is not completed successfully, then the later finding of guilt is the conviction. The State later adopted the position that where a person fails to complete a diversion program successfully, then either the diversion or a later plea of nolo contendere in the same case may be considered a conviction at the discretion of the State. Thus, the State argues Knoff was properly determined to be a habitual violator because he had convictions on May 11, 1989, September 15, 1989, and February 7, 1994.

Interpretation of K.S.A. 8-285(b) is a question of law. Appellate review of questions of law is unlimited. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

Knoff relies on *State v. Booze*, 238 Kan. 551, 712 P.2d 1253 (1986). In *Booze*, the Supreme Court examined the definition of "conviction" in 8-1567, a "self-contained habitual criminal act." 238 Kan. at 552. "Conviction" is defined in 8-1567 as follows:

"(k) For the purpose of determining whether a conviction is a first, second, third or subsequent conviction in sentencing under this section:

"(1) [the term] '[c]onviction' includes being convicted of a violation of this section or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section."

Booze was charged with DUI on July 3, 1983, and entered into a diversion agreement on the DUI on December 23, 1983. He was arrested on a second DUI on November 30, 1984, approximately 1 month before the end of his diversion. The State subsequently filed a motion to terminate the diversion and reinstate prosecution on Booze's first DUI. Booze pled guilty to both DUI charges on February 21, 1985. The district court sentenced Booze as a second offender on the second DUI and Booze appealed. Booze argued that this sequence—offense, offense, conviction, conviction—violated the sequential requirement for enhancement of sentences as set forth in *State v. Osoba*, 234 Kan. 443, 444, 672 P.2d 1098 (1983): " ' "[F]or enhancement of sentence of a defendant as a second offender [under 8-1567], the previous conviction must have occurred prior to commission of the principal offense." ' " *Booze*, 238 Kan. at 553.

The State, taking a position in *Booze* opposite to the one it argues here, argued there was a conviction on the first offense at the moment the defendant entered into the diversion agreement. 238 Kan. at 553.

The Supreme Court observed that K.S.A. 1983 Supp. 8-1567(i) [now 8-1567(k)(1)] "clearly states that 'entering' into a diversion agreement is a conviction for purposes of enhancing sentence. If the drafters had intended that diversion would operate as a conviction only upon its completion, they could easily have said so." *Booze*, 238 Kan. at 555.

The Supreme Court in *Booze* also examined legislative intent:

"The only real difference between diversion and being sentenced as a first offender (K.S.A. 1983 Supp. 8-1567[c]) is the incarceration. Under 22-2909(c), the defendant must pay the minimum statutory fine for a first offense or complete a set number of hours of community service, and he must enroll in and complete an alcohol and drug safety program. Moreover, the purpose behind the first offender sentence and the requirements of diversion are the same—both seek to rehabilitate.

"This court, in *Clevenger*, discussed the public policy behind considering a diversion a 'conviction' for purposes of sentence enhancement and stated:

'The intent of allowing diversion for the first DUI offense was the legislature's recognition that although it had done away with plea bargaining, it deemed it appropriate to offer a less harsh option for a first offense. If, however, a defendant

commits a second offense, there are no breaks. The purpose of sentence enhancement is to punish those who violate the law repeatedly. See *State v. Lohrbach,* 217 Kan. 588, 591, 538 P.2d 678 (1975). A repeated violator of the DUI law should be subject to sentence enhancement on a second offense regardless of whether the individual went to jail or sought diversion for the first offense.' 235 Kan. at 868.

"In view of the nature of diversion in DUI cases, and the public policy behind sentence enhancement in DUI cases, it is apparent that the legislature must have intended that once a defendant has entered into a diversion agreement, he will be considered as having been 'convicted' for purposes of enhancing his sentence if he commits another DUI offense. There is no reason to presume the legislature intended that only a person who has successfully completed diversion should be treated as a repeat offender if he is again charged with DUI." 238 Kan. at 555-56.

Thus, relying on the plain meaning of the statute and legislative intent, the Supreme Court concluded that for purposes of sentencing under 8-1567, "a diversion agreement is considered a conviction when it is first entered into. K.S.A. 1993 Supp. 8-1567 does not require the diversion agreement to be completed and the charges dismissed with prejudice before it is considered a conviction for purposes of sentencing." 238 Kan. 551, Syl. ¶ 2.

The State in this case does not attempt to distinguish *Booze* directly, although it does argue that 8-285 is civil in nature and subject to different rules of statutory construction than those applicable to 8-1567. That argument is not persuasive. First, *Booze* noted that the rule of strict construction applicable to penal statutes "simply means that ordinary words are to be given their ordinary meanings." 238 Kan. at 555. A penal statute " 'should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citations omitted.]' " *State v. Kitzman,* 240 Kan. 191, 193, 727 P.2d 491 (1986). Second, *Booze* explicitly compared 8-285 and 8-1567: "[T]he diversion is considered a 'conviction' only for purposes of sentence enhancement pursuant to 8-1567, and for purposes of determining whether [the defendant] is a 'habitual violator' pursuant to K.S.A. 8-285." 238 Kan. at 557. Third, this court has previously relied on a decision interpreting 8-1567 to interpret 8-285(b). See *State v. Underwood,* 10 Kan. App. 2d 116, 122, 693 P.2d 1205 (1985).

The State makes no claim there is any significance in the fact that 8-1567(k)(1) refers to *"entering* into a diversion agreement in lieu of further criminal proceedings," whereas 8-285(b) uses "a diversion agreement *entered* into in lieu of further criminal proceedings." (Emphasis added.) To the contrary, it is well recognized that in order to construe one part of a statute, it is permissible to look at other parts of it. *State v. Gonzales,* 255 Kan. 243, 248, 874 P.2d 612 (1994). These provisions were both enacted as parts of the same act. L. 1982, ch. 144, §§ 2(b) and 5(i); see *State v. Reves,* 233 Kan. 972, 974, 666 P.2d 1190 (1983). The fact that the legislature used different forms of the same verb in the two statutes does not demonstrate the legislature intended different meanings for the two provisions.

Implicit in the State's position in this case is the assumption that the legislature intended that a person entering into a diversion agreement could face two possible conviction dates. The State cites no authority for this assumption, beyond noting the obvious legislative intent that diversion agreements would not be used to escape the Habitual Violator Act. That intent is served by treating a diversion as a conviction when it is entered into. Moreover, the either/or approach urged by the State was an option available to the Supreme Court in *Booze,* but the court did not embrace it.

In summary, the reasoning and result of *Booze* are both applicable in this case. The plain meaning of 8-285 is that conviction includes a diversion agreement for purposes of the Habitual Violator Act. If the legislature had intended that diversion would operate as a conviction only upon its successful completion, it could easily have said so.

An examination of legislative intent produces the same result. Both 8-285 and 8-1567 share the purpose of punishing repeat offenders. See K.S.A. 8-284; *State v. Clevenger,* 235 Kan. 864, 868, 683 P.2d 1272 (1984); *State v. Walden,* 15 Kan. App. 2d 139, 142, 803 P.2d 1054 (1990). There is no justification for giving a different construction to two statutes sharing a common purpose and common language. Moreover, the legislature has had ample opportunity to revise its definition of "conviction" in either or both of these statues following the *Booze* decision and has not done so. See *City*

*of Lenexa v. Board of Johnson County Comm'rs*, 237 Kan. 782, 786, 703 P.2d 800 (1985) (presumption that in amending statute, legislature acted with full knowledge of judicial decisions concerning the statute); *State v. Osoba*, 234 Kan. at 444-45.

For all the foregoing reasons, we conclude that for purposes of determining whether a person is a habitual violator under K.S.A. 8-285, a diversion agreement is considered a conviction when it is first entered into.

Reversed.