UNITED STATES of America,
Plaintiff,

v.

Leanne PORTER, Defendant.

No. 98–40061–01–SAC.

United States District Court,
D. Kansas.

April 21, 1999.

Randy M. Hendershot, Office of United States Attorney, Topeka, KS, for plaintiff.

Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, defendant pro se.

Jeannine D. Herron, Topeka, KS, defendant pro se.

David J. Phillips, Office of Federal Public Defender, Topeka, KS, defendant pro se.

Leanne Porter, Topeka, KS, defendant pro se.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, defendant pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

At the defendant's sentencing on April 16, 1999, the court ruled upon Ms. Porter's objections to the presentence investigation report ("PSI"). The court then commented that a memorandum and order would follow explaining the court's authority and rationale for sustaining the defendant's objection to the criminal history points assessed in the PSI for her 1996 diversion agreement in the District Court for Douglas County, Kansas, for driving under the influence of alcohol and/or drugs ("DUI"). This order serves as the court's written reasons and authority for its ruling.

The defendant objects that her stipulation to the police report as part of the diversion process is not the same as a plea of *nolo contendere* in a judicial proceeding. She further objects to the additional two points assessed for being under a criminal justice sentence, namely, this diversion agreement, when she committed the instant offense. The government does not respond to this objection.

■ The court looks to the following guideline provisions and application notes in deciding this objection. In calculating criminal history, the Sentencing Guidelines define a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea

of *nolo contendere.*" U.S.S.G. § 4A1.2(a)(1). The Guidelines exclude diversionary dispositions:

Diversion from the judicial process without a finding of guilt (*e.g.,* deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted as a sentence under § 4A1.1(c), even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

U.S.S.G. § 4A1.2(f). In short, the exclusion depends on what stage at which diversion occurs. Application Note 3 to U.S.S.G. § 4A1.1 emphasizes that "[a] diversionary disposition is counted only where there is a finding or admission of guilt in a judicial proceeding. *See* § 4A1.2(f)." Application Note 9 to U.S.S.G. 4A1.2(f) reiterates the same point: "Section A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." In sum, a diversionary disposition will not count as a prior sentence unless it has involved an adjudication of guilt, as in a finding or admission of guilt or a plea of *nolo contendere* in a judicial proceeding.

■ Kansas statutes establish the rules and procedures governing diversion agreements. The terms of a diversion agreement must be in accordance with K.S.A. § 22–2909, which provides in relevant part:

(a) A diversion agreement shall provide that if the defendant fulfills the obligations of the program described therein, as determined by the attorney general or county or district attorney, such attorney shall act to have the criminal charges against the defendant dismissed with prejudice. The diversion agreement shall include specifically the waiver of all rights under the law or the constitution of Kansas or of the United States to a speedy arraignment, preliminary examinations and hearings, and a speedy trial, and in the case of diversion under subsection (c) waiver of the rights to counsel and trial by jury....

. . . .

(c) If a diversion agreement is entered into in lieu of further criminal proceedings on a complaint alleging a violation of K.S.A. 8–1567 [driving under the influence of alcohol or drugs], and amendments thereto, the diversion agreement shall include a stipulation, agreed to by the defendant, the defendant's attorney if the defendant is represented by an attorney and the attorney general or county or district attorney, of the facts upon which the charge is based and a provision that if the defendant fails to fulfill the terms of the specific diversion agreement and the criminal proceedings on the complaint are resumed, the proceedings, including any proceedings on appeal, shall be conducted on the record of the stipulation of facts relating to the complaint....

. . . .

(f) If the attorney general or county or district attorney elects to offer diversion in lieu of further criminal proceedings on the complaint and the defendant agrees to all the terms of the proposed agreement, the diversion agreement shall be filed with the district court and the district court shall stay further proceedings on the complaint. If the defendant declines to accept diversion, the district court shall resume the criminal proceedings on the complaint.

Most noteworthy of these required provisions is the defendant's stipulation of the facts on which the complaint is brought. A separate Kansas statute prohibits conditioning diversion on the defendant's plea: "No defendant shall be required to enter any plea to a criminal charge as a condition of diversion." K.S.A. § 22–2910. Finally, if the district court finds that the defendant has failed to fulfill the terms of the diversion agreement, then the criminal

proceedings on the complaint resume. K.S.A. § 22–2911(a). The PSI here reflects that this statutory procedure was followed in the defendant's DUI diversion in 1996, and there is nothing offered to show otherwise.

The court is well aware of the line of authority in Kansas courts that have recognized DUI diversions as "conviction-like:"

> "The nature of diversion in the context of DUI violations is particularly indicative of the diversion's conviction-like nature. In order to enter into a diversion agreement, a defendant must stipulate to the facts constituting the offense. If the diversion program is not completed, a trial is had to the court based solely upon the stipulation. Thus, while there is not a guilty plea, there is an admission by the defendant of the commission of the offense."

*State v. Booze,* 238 Kan. 551, 555, 712 P.2d 1253 (1986) (quoting *State v. Clevenger,* 235 Kan. 864, 867, 683 P.2d 1272 (1984)); *see State v. Knoff,* 22 Kan.App.2d 85, 86–87, 911 P.2d 822 (1996). Of course, these courts were guided by the fact that the Kansas Legislature had made the DUI statute, K.S.A. 8–1567, "a 'self-contained habitual criminal act'" that defined "conviction" to include "entering into a diversion agreement in lieu of further criminal proceedings on a complaint." *Booze,* 238 Kan. at 552, 554–55, 712 P.2d 1253. That the Kansas legislature chose to call a diversion agreement a "conviction" for purposes of enhancing state DUI sentences is not controlling for our purposes in deciding what is a "prior sentence" under the federal Sentencing Guidelines. *See United States v. Tamayo,* 80 F.3d 1514, 1523 (11th Cir.1996); *United States v. Roberts,* 39 F.3d 10, 13–14 (1st Cir.1994).

There are many federal opinions finding diversionary dispositions countable as prior sentences when the defendant is statutorily required or otherwise does plead guilty or enter a plea of no contest or when the court makes a finding of guilt. *See, e.g., United States v. Charlton,* 121 F.3d 700, 1997 WL 428588, at *1 (4th Cir. June 31, 1997) (West Virginia statute deferred adjudication upon a plea or finding of guilt); *United States v. Cox,* 114 F.3d 1189, 1997 WL 321116 (6th Cir. June 11, 1997) (Michigan law requires a guilty plea before a defendant is eligible for diversion); *United States v. Jiles,* 102 F.3d 278, 280 (7th Cir.1996) (Wisconsin statute deems the failure to appear in court as a plea of no contest); *United States v. Craft,* 82 F.3d 419, 1996 WL 185783, at *2 (6th Cir. Apr. 17, 1996) (Defendant signed and filed a petition for acceptance of plea of guilty that included an express admission of guilt); *United States v. Vela,* 992 F.2d 1116, 1117 (10th Cir.1993) (Oklahoma deferred sentencing statute required a verdict, plea of guilty or a plea of *nolo contendere* before the court could defer sentencing and place the defendant on probation); *United States v. Cox,* 934 F.2d 1114, 1124 (10th Cir.1991) (Colorado deferred judgment law required a plea, as opposed to a deferred prosecution which required no plea); *United States v. Giraldo–Lara,* 919 F.2d 19, 22–23 (5th Cir.1990) (Texas statute required a plea of guilty to be eligible for "deferred adjudication probation"); *United States v. Rockman,* 993 F.2d 811, 813–14 (11th Cir.1993) (A plea of *nolo contendere* where the court withholds adjudication of guilt is a countable diversionary disposition), *cert. denied,* 510 U.S. 1080, 114 S.Ct. 900, 127 L.Ed.2d 92 (1994). This line of authority stands for the rule that a diversionary disposition will be counted as a sentence under § 4A1.1(c) if the court merely defers its adjudication and sentencing upon a plea or finding of guilt.

In contrast, a "[d]iversion from the judicial process without a finding of guilt (*e.g.* deferred prosecution) is not counted." U.S.S.G. § 4A1.2(f). The Seventh Circuit has held that a stipulation of facts leading to a deferred prosecution is not a "prior sentence" under the Sentencing Guidelines:

> In 1989 Havelka was charged with criminal damage to property in Illinois; the

court entered an order of supervision. In Illinois a court may defer prosecution and impose supervision if the defendant pleads guilty, or if he stipulates to "facts supporting the charge or a finding of guilt." 730 ILCS5/5–6–1(c). The first option, pleading guilty, necessarily involves an admission of guilt. The record contained no evidence, however, that Havelka pled guilty. The second option in that statute, the stipulation, does not in any way equate with an admission of guilt or an adjudication of guilt. Although it is possible that an Illinois court may make a finding of guilt prior to imposing supervision (e.g., after the defendant pleads guilty), such a finding is not necessary predicate to the imposition of supervision under the statute. (footnote omitted). Because the record contains no evidence to the contrary, we must conclude that the sentencing court in Illinois did not make a finding of guilt against Havelka.

The Sentencing Guidelines state that a "[d]iversion from the judicial process without a finding of guilt (e.g. deferred prosecution) [does not count as a prior sentence]." U.S.S.G. § 4A1.2(f). We find that Havelka's supervision was such diversion from the judicial process because the Illinois statute specifically speaks of "defer[ring] further proceedings" and the sentence did not result from a finding of guilt. Therefore, the district court committed plain error by deeming it a prior sentence.

*United States v. Kozinski*, 16 F.3d 795, 812 (7th Cir.1994).

In the context of the Sentencing Guidelines, this court concludes that the diversion agreement process outlined in K.S.A. §§ 22–2907 *et seq.* constitutes a deferred prosecution, not a deferred adjudication. It is the district or county attorney who decides if diversion should be offered to a defendant. K.S.A. § 22–2907(1). The prosecuting attorney may offer diversion after the filing of criminal charges and prior to conviction. *Id.* The diversion is reduced to an agreement between the prosecuting attorney and the defendant.

K.S.A. § 22–2909. The "diversion agreement is entered into in lieu of further criminal proceedings on a complaint." K.S.A. § 22–2909(c). Though the diversion agreement is filed with it, the district court is not a named party to the agreement and has no role in accepting or approving the agreement. K.S.A. § 22–2909(f). Indeed, Kansas law expressly prohibits as a condition of diversion that the defendant enter a plea. K.S.A. § 22–2910. Just as in *Kozinski*, the diversion process in Kansas defers not just the adjudication and sentencing, but the very prosecution of the criminal complaint. *Cf. United States v. Cox*, 934 F.2d at 1124.

On the other hand, there is some common-sense logic to treating a stipulation of facts as the equivalent of an "admission of guilt." The First Circuit has struggled with *Kozinski* and the definition of "admission of guilt:"

> In this court, the government takes the view that *Kozinski* was wrongly decided, although its brief makes a half-hearted attempt to distinguish the case. We agree that the phrase "admission of guilt" does not have so clear and precise a meaning as to foreclose its extension to a defendant's admission to sufficient facts to warrant a finding of guilt. The guideline by its terms uses the word "admission" and does not require a formal plea of guilty, U.S.S.G. § 4A1.2; and the commentary speaks of counting diversionary dispositions if they involved "an admission of guilt in open court." *Id.* comment. (n. 9). More important, the guideline has a *purpose* that helps us decide disputes about ambiguous language.
>
> In determining criminal history points, the sentencing guidelines impose points automatically where there has been an "adjudication of guilt," U.S.S.G. § 4A1.2(a)(1), but merely permit the trial court to depart where the court determines that the defendant's criminal history category "does not adequately reflect the seriousness of the defen-

dant's past criminal conduct...." U.S.S.G. § 4A1.3. This preference for adjudications of guilt presumably reflects the desire to fasten on what can readily be proved *and* the reasonable assurance that one who had pled guilty or been found guilty did commit the prior crime in question. *Cf.* Fed. R.Evid. 609 (allowing convictions to be used for impeachment).

In Massachusetts an admission to sufficient facts is apparently recorded with about the same formality as a plea, *see* Mass.R.Crim.P. 12(a)(3), and so satisfies the readily-proved criterion. Whether an admission to sufficient facts adequately assures that the defendant committed the prior crime in question may be a closer question....

. . . .

In [*Commonwealth v.*] *Duquette* [, 386 Mass. 834, 438 N.E.2d 334 (1982) ], the Supreme Judicial Court made clear that an admission to sufficient facts, where it occurs at the *second* tier, must be treated with a formality that makes it almost indistinguishable from a guilty plea. There are required warnings: the judge must "prob[e] the defendant's understanding," and must "satisfy himself that there is a factual basis for a finding of guilty." 438 N.E.2d at 342. Where such an admission to sufficient facts occurs and is accepted at the second tier, we think that the defendant has in substance admitted to his guilt.

. . . .

Perhaps, as in a typical federal court guilty plea, the prosecutor gives a recitation of what the government would prove, *and* the defendant expressly accepts the government's version of events (possibly with qualifications), *and* the judge then determines that the admitted facts if proved would constitute the offense. This sequence, or any other that achieved the same effect, would give reasonable assurance that the defendant had confessed to certain events and that the events constituted a crime. That, in our view, would make the admission effectively an admission of guilt under the guidelines.

But in the hard-pressed conditions of a busy first-instance court, it is easy to imagine procedures that would give far less assurance. For aught we can tell, the prosecutor and the defendant or his counsel may do little more than tell the judge that the parties have agreed to dispose of the matter by continuance, admission to sufficient facts, and a treatment program. There would be nothing reprehensible about such a procedure; but it would give one little confidence that the defendant had admitted to a crime. Indeed, it would approach the "[d]iversion from the judicial process without a finding of guilt" that the guidelines say is "not counted." U.S.S.G. § 4A1.2(f).

*United States v. Roberts,* 39 F.3d 10, 12–13 (1st Cir.1994). More recently, the First Circuit applied the rule from *Roberts* and concluded that the defendant "had admitted guilt in open court and that there was a judicial determination by the state court judge of facts sufficient to support a finding of guilt. That is sufficient under the Guidelines." *See United States v. Nicholas,* 133 F.3d 133, 135–37 (1st Cir.1998).

This court shares the First Circuit's observation that the relevant Sentencing Guidelines reflect a policy restricting a "prior sentence" to that which is readily provable and for which there is reasonable assurance of the defendant having committed the prior crime in question. Indeed, the Guideline provisions emphasize that an "admission of guilt" must occur "in a judicial proceeding," U.S.S.G. § 4A1.2(f), or "in open court," U.S.S.G. § 4A1.2(f), comment. (n. 9). Judicial involvement brings the formality and procedures that assure the defendant has admitted certain facts and that those facts would constitute a criminal offense.

Focusing on the second criterion, the court is not satisfied that the Kansas diversion agreement procedure affords the level of reasonable assurance otherwise re-

flected in the Sentencing Guidelines. The defendant's stipulation of facts is little more than a term of the written diversion agreement between the defendant and the prosecuting attorney. As done in this case, the defendant simply stipulated in writing to the facts as contained in a law enforcement officer's report. Neither the diversion agreement nor the stipulation is made in open court. In fact, Kansas law does not recognize any judicial role in reviewing or approving the stipulation of facts or the officer's report. There is no judicial determination that the stipulated facts if proved would constitute a criminal offense. This procedure amounts to little more than a written filing announcing that the parties have agreed to dispose of the prosecution by diversion and that the defendant admits to the facts alleged in the officer's report. The formality of the stipulation procedure bears little or no semblance to the formality of a guilty plea. As the first Circuit observed in *Roberts* about a procedure practically indistinguishable from this, "it would give one little confidence that the defendant had admitted to a crime. Indeed, it would approach the '[d]iversion from the judicial process without a finding of guilt' that the guidelines say is 'not counted.' U.S.S.G. § 4A1.2(f)." 39 F.3d at 13. Confidence here rests principally upon the assumed factual and legal adequacy of a law enforcement officer's report. This assurance falls short of those standards underlying what constitutes a sentence under the Sentencing Guidelines. Thus, the court concludes that a DUI diversion agreement in Kansas is not a countable diversionary disposition under § 4A1.2(f).

IT IS THEREFORE ORDERED that defendant's objection to the criminal history points assessed in the PSI for her 1996 diversion agreement in the District Court for Douglas County, Kansas, for driving under the influence of alcohol and/or drugs ("DUI") is sustained.