The Honorable Michael R. O'Neal State Representative, 104th District P.O. Box 2977 Hutchinson, Kansas 67504
Dear Representative O'Neal:
You inquire whether entering into a municipal diversion agreement is a "conviction" for purposes of enhanced punishment under K.S.A. 2000 Supp. 8-1567, as amended by L. 2001, Ch. 200, § 14, if the diversion agreement has been expunged.
K.S.A. 2000 Supp. 8-1567 is a "self-contained habitual criminal act"[1]
because of the enhanced punishment for multiple "convictions" of driving while intoxicated.[2]
 "(1) For the purpose of determining whether a conviction is a first, second, third, fourth, or subsequent conviction in sentencing under this section:
 "(2) 'conviction' includes being convicted of a violation of . . . an ordinance of any city . . . which prohibits the acts that this section prohibits or entering into a diversion agreement in lieu of further criminal proceedings in a case alleging a violation of such . . . ordinance."
If a person enters into a municipal diversion agreement on an alcohol related charge, the municipal court retains a copy and the city attorney forwards the agreement to the Division of Vehicles.[3] A copy of the agreement can be provided to any county/district attorney, city attorney, or court.[4]
K.S.A. 2000 Supp. 12-4516(b) allows a person to petition for expungement of a diversion agreement for violation of an ordinance that would also constitute a violation of K.S.A. 2000 Supp. 8-1567 if certain conditions are met. If the municipal court enters an expungement order, the custodian of the diversion record cannot disclose the existence of the diversion except when requested by "a court, upon a showing of a subsequent conviction of the person whose record has been expunged."[5]
Therefore, it would appear that an expungement of a municipal DUI diversion agreement does not vitiate the "conviction" for purposes of sentencing for subsequent violations of K.S.A. 2000 Supp. 8-1567.
This conclusion is consistent with Kansas appellate court decisions that discuss including DUI diversion agreements as "convictions" for purposes of enhanced punishment under K.S.A. 2000 Supp. 8-1567:
 "In the context of the Habitual Criminal Act . . . this court has held `it is the nature of the offense not the manner of punishment, which determines the applicability of the habitual criminal act,' and thereby a harsher sentence. (citation omitted). A similar statement can be made of the DUI laws. The important fact is that an offense of driving while under the influence has occurred twice. The fact that the defendant was lucky enough to be allowed diversion in the first case should not preclude the enhancement of the sentence for a second offense.
 "The nature of diversion in the context of a DUI violation is particularly indicative of the diversion's conviction-like nature. In order to enter into a diversion agreement, a defendant must stipulate to the facts constituting the offense. [Thus], while there is not a guilty plea, there is an admission by the defendant of the commission of the offense. [If] a defendant commits a second offense, there are no breaks. The purpose of a sentence enhancement is to punish those who violate the law repeatedly."[6]
In State v. Booze,[7] the Court concluded that the triggering point for counting a diversion as a "conviction" is the "entering into a diversion agreement," and, therefore, the fact that diversion was not completed is irrelevant. The rationale of Booze and State v. Clevenger[8]
would apply as well to an expungement of a diversion agreement. Therefore, it is our opinion that entering into a municipal diversion agreement is a "conviction" for purposes of enhanced punishment under K.S.A. 2000 Supp. 8-1567, regardless whether the diversion agreement is expunged pursuant to K.S.A. 2000 Supp. 12-4516.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] State v. Booze, 238 Kan. 551, 552 (1986).
[2] K.S.A. 2000 Supp. 8-1567, as amended (emphasis added).
[3] K.S.A. 12-4416(e).
[4] Id.
[5] K.S.A. 2000 Supp. 12-4516(h)(3).
[6] State v. Clevenger, 235 Kan. 864, 867 (emphasis added.) See K.S.A.21-4710(d)(2) which counts expungements of adult felony convictions in determining an offender's criminal history classification for sentencing purposes.
[7] Note 1.
[8] Note 5.