The opinion of the court was delivered by
Valentine, J.:
The only question involved in this case isj whether a minor who is a defendant in a criminal proceeding may bind himself pérsonally by a recognizance entered into by himself and sureties for his personal appearance at *464 the next term of the district court to answer to a charge for committing a criminal offense. The counsel for the defendant claim that a minor cannot so bind himself. They seem to claim that a recognizance is substantially a contract, and they certainly claim that “ a minor is, in truth, not bound by cmy contraet.” It is true, they seem to admit that a minor may in some cases be bound to pay for necessaries furnished him, but still they claim that he is so bound, not because of any contract, but independent of all contract. ■ The law however is the reverse of what they claim upon this point. The statute, provides as follows:
“Sec. 2. A minor is bound, not only by contracts for necessaries, but, also, by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority.” (Comp. Laws, 720, ch. 146, § 2; Gen. Stat., 580, ch. 67, § 2.)
Under this statute a minor’s contract is never void, unless it is void for some other reason than for minority. For minority, merely, it can never be more than voidable, and even then it is valid unless disaffirmed within a reasonable time after majority. Hence, if a recognizance is merely a contract it is necessarily valid unless disaffirmed within a reasonable time after majority. But can it be disaffirmed at any time, or for any cause? This we suppose depends upon whether it may be classed among the “necessaries,” or not. If it were executed for the purpose of preventing some third person from being imprisoned in the county jail, we suppose it would not be classed as a necessary, and might therefore be disaffirmed. But if it were executed for the purpose of preventing the minor himself from being imprisoned, then we suppose it would be classed as a necessary of .the highest order, and could not be disaffirmed. Personal liberty is as dear to minors, as to others. The untrammeled use of their limbs and bodies, the free exercise of all their faculties, is essentially necessary for their proper growth and development. And therefore an instrument in writing which secures to them their personal *465 freedom, where without it they would be legally and properly imprisoned, may certainly be classed among the most essential of necessaries. A recognizance, however, is more than a contract. It is an obligation of record, founded upon an acknowledgment of an existing indebtedness by the person to be bound. (2 Blackstone Com., 341, 465.) But still, so far as this case is concerned we think it is governed substantially by the rule governing other contracts. There is no statute in this state prohibiting a minor from entering into a recognizance, and there is no reported decision of any state referred to, or that we have found, that holds any such doctrine. The case of Commonwealth v. Semmes, 11 Leigh, (Virginia) 666, 674, relied on by counsel for defendant, hardly touches the question in this case. The main question in that case was, whether the defendant Semmes, who was charged with murder, should be admitted to bail. The court in its decision used -the following language, to-wit: “The court is therefore of the opinion, that the petitioner shows himself entitled to be bailed, and ought to be admitted to bail upon finding two or more sureties to the amount of $25,000, and being an infant he is not to be required to enter into a recognizance himself.” This is all there is upon the subject in that case. Our statute seems, to recognize the power of minors to enter into recognizances. Minors as well as adults may commit crime. They may be arrested and imprisoned for safe-keeping, until their trials can be had. The statutes authorize recognizances to be taken and defendants to be discharged thereon, and no distinction whatever is made between minor defendants and any others, in any of these cases. In some cases the statutes expressly authorize defendants to enter personally into such recognizances. (Comp. Laws, 243, § 32; Gen. Stat., 827, Crim. code, § 40.) In other cases the statutes are silent. But nowhere is any distinction made between minors and others. The language of the statutes is broad enough to include minors as well as adults, and we know of no good .reason why we should limit the scope and operation of the statutes to adults only. The legis *466 lature has not seen fit to insert any exceptions or limitations, and why should we do so? In Massachusetts it has been held that “An infant, who is accused of being the father of a bastard child, on a complaint made to a justice of the peace by the mother, may be required to give bonds, with sureties, to appear and answer to such complaint at the next court of common pleas, and to abide the order of the court thereon; and his infancy is no defense, either for him or his sureties, to an action on such bond.” McCall v. Parker, 13 Metc., (Mass.) 372. Mr. Tyler in his work on Infancy and Coverture, page 175, §122, uses the following language: “In all cases, where an infant is allowed to make a binding contract, or perform a valid act, he is liable to an action for nonperformance, or default, the same as an adult. Thus, an infant may make a valid contract for necessaries, and having contracted for them, he may be sued for their value. So an infant is liable to cm action upon his recognizance to appear and answer a criminal charge, and upon any other bond or obligation required by law.” What Mr. Tyler says upon this subject may be set off against what any other author says who advances a contrary doctrine. But generally, those who seem to advance a contrary doctrine merely say that an infant will not be taken as bail, that is, bail for others, or that he will not be required to enter personally into a recognizance, or that a recognizance may be taken from the sureties alone without requiring him to enter into the same; and seldom if ever has any one said, that an infant defendant cannot bind himself by a recognizance to secure his own liberty.
The judgment of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.
All the Justices concurring.