(240 P.3d 614)

No. 102,751

STATE OF KANSAS, *Appellee*, v. KRISTINA I. BISHOP, *Appellant*.

—

Opinion filed October 8, 2010.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Gaten T. Wood*, assistant county attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BUKATY, S.J.

BUKATY, J.: The State charged Kristina Bishop with a third driving under the influence (DUI) offense, a felony, based upon her having entered into two prior diversion agreements. Bishop moved to dismiss, claiming the State could not rely on a 2002 diversion agreement because she was a minor at that time. The district court denied the motion. Following a bench trial on stipulated facts, the court then convicted Bishop as charged. She appeals, claiming as she did in the district court that the current conviction is her second and not her third because her 2002 diversion agreement is voidable due to her minority status in 2002 and cannot be counted as a prior conviction. We conclude the district court correctly ruled against Bishop and affirm.

The parties do not dispute the relevant facts.

In 2002, the State charged Bishop, who was 16 at the time, with a misdemeanor DUI. Bishop entered into a diversion agreement

with the State to avoid prosecution. In 2004, the City of Pratt (City) charged Bishop with another DUI and disobeying a stop sign. Again, Bishop entered into a diversion agreement with the City to avoid prosecution for the charges.

The events leading to the current charges occurred on October 7, 2007. Kansas Highway Patrol Trooper Mitch Clark saw Bishop make an improper right turn and initiated a traffic stop. He ultimately arrested Bishop on suspicion of DUI. Bishop later consented to a blood alcohol test which revealed a blood alcohol concentration of .24 grams per 100 milliliters, in excess of the legal limit.

The State charged Bishop in the alternative with driving under the influence of alcohol to a degree that rendered her incapable of safely driving a vehicle (third offense), and with driving under the influence of alcohol while having a blood alcohol content greater than .08 (third offense). The alternative charges are both nongrid, nonperson felonies in violation of K.S.A. 2007 Supp. 8-1567. The State also charged other traffic offenses which it ultimately dismissed.

As we stated, Bishop moved to dismiss the alternative charges, asserting the State could not rely on the 2002 diversion agreement as a prior conviction because Bishop was 16 when she entered into it and, therefore, it was not a legally binding contract due to her lack of capacity to contract. Bishop did not cite any legal authority to support this assertion in the written motion. The district court denied the motion, reasoning that because the State allows drivers to obtain a learner's permit or license at age 14, a driver does not have to be 18 to enter into a valid diversion agreement.

The parties agreed to a bench trial on stipulated facts. In the stipulation, Bishop preserved her right to appeal the district court's ruling on the motion to dismiss. The court found the stipulated facts were sufficient to support each of the alternate DUI charges and found Bishop guilty of her third DUI, a felony. The court then imposed an underlying 12-month jail sentence, granted probation for 12 months, and ordered Bishop to serve a mandatory 120 days in jail with eligibility for work release after 5 days. It also imposed various court costs, fees, and fines.

Bishop failed to timely file a notice of appeal, but we retained her appeal pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

The sole issue on appeal is whether a prior diversion agreement entered into in lieu of prosecution for a DUI by a person who was a minor, constitutes a prior conviction that enhances the severity of a subsequent DUI charged against that person.

Bishop emphasizes the contract aspect of a diversion agreement (between the State and a defendant) and argues that contracts entered into by minors are generally voidable under Kansas contract law.

The State only briefly addresses Bishop's contract law argument in asserting that she cannot void the 2002 diversion agreement because (1) she was advised by counsel before signing the agreement, (2) she received the benefit of the bargain by successfully completing her diversion and having the 2002 DUI charge dismissed with prejudice, and (3) she cannot "claim seven years later that it was not a valid contract." The State then emphasizes the special nature of a diversion agreement, apart from the fact it is a contract, and argues it constitutes a prior conviction for purposes of sentencing for a subsequent DUI regardless of one's age at the time he or she entered into the diversion agreement. Specifically, it argues that Kansas law (1) authorizes driving permits or licenses for drivers as young as 14, (2) subjects all drivers to the same penalties for traffic offenses regardless of age, (3) does not prohibit the State from entering into diversion agreements with minors, and (4) clearly defines the term "conviction" for purposes of 8-1567 to include diversion agreements.

Both parties agree the appellate court has unlimited review over the district court's ruling on Bishop's motion to dismiss because the underlying facts are undisputed. See *State v. Garcia*, 282 Kan. 252, 260, 144 P.3d 684 (2006) (appellate review of a trial court's denial of a motion to dismiss on a strictly legal ground is unlimited). Additionally, to the extent resolution of this issue involves statutory interpretation, the appellate court's review is also unlimited. *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008).

*The Particular Nature of Diversion Agreements*

A diversion agreement is "the specification of formal terms and conditions which a defendant must fulfill in order to have the charges against him or her dismissed." K.S.A. 22-2906(4). The agreement is essentially a contract between the State (or city) and a defendant, and our courts have generally applied contract principles when interpreting the provisions or legal effect of a diversion agreement. See *State v. Chamberlain*, 280 Kan. 241, 245-46, 120 P.3d 319 (2005); *Petty v. City of El Dorado*, 270 Kan. 847, 853-54, 19 P.3d 167 (2001).

On the other hand, under the plain language of 8-1567 and well-established case law, a diversion agreement entered into in lieu of further criminal proceedings on a DUI charge is considered a prior conviction for purposes of enhancing an offender's sentence for a subsequent DUI conviction. See K.S.A. 2007 Supp. 8-1567(n)(1) (defining the term "conviction" for purposes of 8-1567 to include "entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging" a DUI violation); K.S.A. 2007 Supp. 8-1567(n)(3) (providing that "any convictions occurring during a person's lifetime shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender"); *State v. Booze*, 238 Kan. 551, 558, 712 P.2d 1253 (1986); *State v. Clevenger*, 235 Kan. 864, 867-68, 683 P.2d 1272 (1984).

Clearly, a prior diversion agreement entered into to avoid prosecution for a DUI charge is considered a prior DUI conviction for sentencing purposes under K.S.A. 2007 Supp. 8-1567. The obvious wrinkle in this case arises from the fact that Bishop was 16 when she entered into the 2002 diversion agreement.

While there are no Kansas cases directly on point, the district court's ruling makes sense from a commonsense perspective. Also, our Supreme Court dealt with a somewhat similar situation many years ago, and its reasoning is instructive. In *State v. Weatherwax*, 12 Kan. 463 (1874), a minor, criminal defendant claimed he could not be bound by a personal recognizance bond. The *Weatherwax* court noted that a recognizance was more than a contract because it was an obligation of record. It then reasoned the issue was

"governed substantially by the rule governing other contracts. There is no statute in this state prohibiting a minor from entering into a recognizance, and there is no reported decision of any state referred to, or that we have found, that holds any such doctrine. . . . Our statutes seem to recognize the power of minors to enter into recognizances. Minors as well as adults may commit crime. They may be arrested and imprisoned for safe-keeping, until their trials can be had. The statutes authorize recognizances to be taken and defendants to be discharged thereon, and no distinction whatever is made between minor defendants and any others, in any of these cases. In some cases the statutes expressly authorize defendant to enter personally into such recognizances. [Citations omitted.] In other cases the statutes are silent. But nowhere is any distinction made between minors and others. The language of the statutes is broad enough to include minors as well as adults, and we know of no good reason why we should limit operation of the statutes to adults only." 12 Kan. at 465.

Similar to the holding in *Weatherwax*, the statutes relevant to driving privileges, diversion agreements, and DUI sentencing enhancements support the State's position that minors can be bound by diversion agreements.

First, as the district court reasoned, certain minors are permitted to obtain instructional driving permits, farm permits, and driver's licenses. See K.S.A. 8-235d; K.S.A. 2007 Supp. 8-237(a); K.S.A. 8-239; K.S.A. 8-296. As the State suggests, regardless of their status as minors, licensed drivers under the age of 18 are held to the same standards as adult drivers for purposes of following the rules of the road and are subject to the same punishments for traffic offenses. See K.S.A. 8-1447 (including minors when defining "person" as "every natural person, firm, association, partnership or corporation"); K.S.A. 2007 Supp. 8-2117(a) (providing that "a court of competent jurisdiction may hear prosecutions of traffic offenses involving any child 14 or more years of age but less than 18 years of age. The court hearing the prosecution may impose any fine authorized by law for a traffic offense, including a violation of K.S.A. 8-1567 and amendments thereto"); K.S.A. 2007 Supp. 8-2117(d) (defining the term "traffic offense" to include, *inter alia*, a violation of 8-1567); K.S.A. 2007 Supp. 38-2302(n) (specifically excluding persons 14 years of age or more who commit traffic offenses as defined in K.S.A. 8-2117(d) from the definition of "juvenile offender").

Second, as the State points out, the statutes governing diversion agreements for DUI offenders are silent as to the age of the offender. K.S.A. 22-2909(c) provides:

"If a diversion agreement is entered into in lieu of further criminal proceedings on a complaint alleging a violation of K.S.A. 8-1567, and amendments thereto, the diversion agreement shall include a stipulation, agreed to by the defendant, the defendant's attorney if the defendant is represented by an attorney and the attorney general or county or district attorney, of the facts upon which the charge is based and a provision that if the defendant fails to fulfill the terms of the specific diversion agreement and the criminal proceedings on the complaint are resumed, the proceedings, including any proceedings on appeal, shall be conducted on the record of the stipulation of facts relating to the complaint."

See also K.S.A. 22-2908(b)(1) (setting forth three situations when the State may not enter into a diversion agreement with a DUI offender, none of which relate to age).

Finally, every person, regardless of age, is prohibited from driving or attempting to drive while under the influence of alcohol or drugs to a degree that renders that person incapable of safely driving, or while having a blood or breath alcohol concentration of .08 grams or more of alcohol per 100 milliliters of blood or per 210 liters of breath. K.S.A. 2007 Supp. 8-1567(a), (t). The penalties for violating K.S.A. 2007 Supp. 8-1567 vary depending on whether the defendant has any prior DUI convictions, but do not vary depending on the defendant's age. K.S.A. 2007 Supp. 8-1567(d)-(g). Significantly, "any convictions occurring *during a person's lifetime* shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." (Emphasis added.) K.S.A. 2007 Supp. 8-1567(n)(3). The language of this section clearly and strongly expresses legislative intent to include any and all of an offender's prior convictions without regard to age.

In sum, minors with driving privileges are subject to the same punishments as adult drivers when they commit traffic offenses. Moreover, the statutes governing diversion agreements and DUI sentencing enhancements are silent as to any age requirements, and the DUI statutes contain emphatic language stating that any and all of an offender's prior DUI convictions (which includes prior

diversion agreements in lieu of DUI prosecutions) count for sentencing purposes under K.S.A. 2007 Supp. 8-1567. These factors all lead to the reasonable conclusion that a diversion agreement entered into by a minor to avoid prosecution on a DUI charge should count against that person as a prior offense in a criminal proceeding on a subsequent DUI charge the same as if the person had been an adult at the time of entering into the agreement.

*Minors and Their Rights Under Standard Contract Law*

Even without considering the particular nature of diversion agreements as stated above, Bishop would still lose this appeal based upon general contract law as applied to minors.

As noted earlier, we acknowledge that diversion agreements are generally recognized as contracts between defendants and the State. See *Chamberlain,* 280 Kan. at 245-46; *Petty,* 270 Kan. at 853-54. Under the common-law infancy doctrine, contracts entered into by minors were generally voidable unless the contracts were for necessities. See 5 Williston on Contracts §§ 9:2, 9:13 (4th ed. 2009). However, the common-law infancy doctrine was abrogated by statute when our legislature passed G.S. 1868, ch. 67, §§ 1-3. See *Ehrsam v. Borgen,* 185 Kan. 776, 778, 347 P.2d 260 (1959); *Brown v. Staab,* 103 Kan. 611, 614, 176 Pac. 113 (1918); *Weatherwax,* 12 Kan. at 464. These 1868 statutes regarding minors and contracts with minors are currently found in the three statutes cited by Bishop in support of her position—K.S.A. 38-101, K.S.A. 38-102, and K.S.A. 38-103.

These statutes provide generally, and with a few exceptions not applicable here, that contracts are enforceable against minors but voidable if the minor disaffirms the contract as provided by the statutes. As·the *Weatherwax* court explained: "Under this statute a minor's contract is never void, unless it is void for some other reason than for minority. For minority, merely, it can never be more than voidable, and even then it is valid unless disaffirmed within a reasonable time after majority." 12 Kan. at 464.

What Bishop fails to acknowledge is the plain language of K.S.A. 38-102 that makes all contracts entered into by minors legally binding *unless* (1) the minor disaffirms the contract within a reasonable

time after attaining the age of majority, and (2) restores to the other party all benefits received by the minor under the contract that remain in the minor's possession at any time after attaining majority. Instead, Bishop appears to rely on the common-law infancy doctrine to argue that her 2002 diversion agreement is simply voidable because it is not a contract for a necessity such as food or shelter.

Generally, whether a minor has disaffirmed a contract within a reasonable time after attaining the age of majority is determined based upon the particular circumstances of the case. *Brown*, 103 Kan. at 614-16; 5 Williston on Contracts § 9:13. In *Brown*, a minor signed a note and mortgage and then did not take the first positive action to disaffirm the contract until more than 5 years had passed after he reached majority and after the mortgagee had begun foreclosure proceedings. Our Supreme Court held that the minor had not attempted to disaffirm within a reasonable time after reaching majority. 103 Kan. at 616.

Here, Bishop signed the 2002 diversion agreement in March 2002 at the age of 16. The agreement reflects her date of birth as September 16, 1985. Accordingly, she attained majority status in September 2003 when she turned 18. See K.S.A. 38-101. Bishop concedes in her appellate brief that her first attempt to disaffirm the 2002 diversion agreement occurred at the preliminary hearing in the current case in February 2009. In sum, Bishop waited nearly 6 years after she attained majority status to attempt to disaffirm the 2002 diversion agreement and did so only after being charged with a third DUI. Bishop did not disaffirm the 2002 diversion agreement within a reasonable time after she attained the age of majority.

*Conclusion*

Diversion agreements are essentially contracts between an individual and the State. Minors may disaffirm their contracts in certain situations. However, for the reasons stated above, the district court correctly determined that the diversion agreement entered into by Bishop as a minor to avoid prosecution on a DUI charge counts against her as a prior offense in the current criminal pro-

ceeding on a subsequent DUI charge, and that prior agreement then enhances the level of that subsequent charge.

Affirmed.