NOT DESIGNATED FOR PUBLICATION

No. 118,707

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRISS M. CLAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 30, 2018. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  Criss M. Clay appeals his sentence following his conviction of aggravated escape from custody. Clay argues that the district court erred in applying K.S.A. 2017 Supp. 21-6604(f)(1) by ordering imprisonment instead of probation for his crime of conviction. This statute allows a district court to sentence an offender to imprisonment on a sentence of presumptive probation "[w]hen a new felony is committed while the offender is incarcerated and serving a sentence for a felony, or while the offender is on probation, assignment to a community correctional services program, parole, conditional release or postrelease supervision for a felony." Clay argues that

1

because he was on work release when he committed his new crime of aggravated escape from custody, he did not fall within the parameters of K.S.A. 2017 Supp. 21-6604(f)(1). We disagree with Clay's claim and affirm the district court's judgment.

On July 12, 2016, Clay was convicted in 16CR1856 of two counts of felony forgery and five counts of felony identity theft. Although our record does not include the journal entry of sentencing in 16CR1856, the parties agree that Clay was assigned to the Sedgwick County work release facility as part of his sentence on the forgery convictions. On February 3, 2017, Clay left the work release facility to go to work and failed to return as scheduled.

On March 10, 2017, the State charged Clay with aggravated escape from custody, a severity level 8, nonperson felony, in 17CR693. Clay later pled guilty to this offense. The presentence investigation (PSI) report showed that Clay's felony conviction carried a presumption of probation. The PSI report also indicated that the special sentencing rule in K.S.A. 2017 Supp. 21-6604(f)(1) applied because Clay was on work release when he committed the offense.

At the sentencing hearing on October 19, 2017, Clay argued that K.S.A. 2017 Supp. 21-6604(f)(1) did not apply to allow the district court to order imprisonment for what would otherwise be a presumptive probation crime. The State argued that the statute applied, among other reasons, because "[w]ork [r]elease is considered a form of incarceration." The district court continued the matter to allow time for additional research on applying the statute.

The sentencing hearing reconvened on November 15, 2017. Although Clay asserted that "incarceration in its traditional terms is county jail," he conceded that "[w]ork [r]elease could be considered incarceration." Still, Clay argued that he was not serving a felony sentence when he was assigned to the work release program. After

2

hearing argument, the district court sentenced Clay to 18 months' imprisonment and denied probation. The district court stated:

> "I am finding that the special rule does apply. While I think there's a good chance that he was actually on probation at the time, on probation with 16CR1856, I am finding that he was incarcerated on that case, possibly even on conditional release too, although I'm a little less confident on that as the parties or at least the State is. Certainly he was incarcerated.
>
> "The order was I ordered him into custody and I authorized [w]ork [r]elease. Work [r]elease is a form of custody. This was a felony case. This was a felony sentence that I ordered. Whether it was before probation or after probation, it was a part of the sentence. Whether it's minimum mandatory or not, it's still part of a felony sentence."

Clay timely appealed his sentence.

On appeal, Clay argues that the district court erred in applying K.S.A. 2017 Supp. 21-6604(f)(1). Clay argues that because he was on work release when he committed aggravated escape from custody, he did not fall within the parameters of the sentencing statute. The State first argues that this court lacks jurisdiction to consider Clay's appeal because he received a presumptive sentence. Alternatively, the State argues that Clay was subject to the special rule in K.S.A. 2017 Supp. 21-6604(f)(1), and the district court did not abuse its discretion in imposing Clay's sentence.

Resolution of Clay's claim on appeal requires statutory interpretation. "Interpretation of sentencing statutes is a question of law subject to de novo review." *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

We will first address the State's claim that this court lacks jurisdiction to consider Clay's appeal because he received a presumptive sentence. Whether jurisdiction exists is a question of law over which an appellate court has unlimited review. *State v. Smith*, 304

3

Kan. 916, 919, 377 P.3d 414 (2016). Generally, an appellate court shall not review any sentence that is within the presumptive sentence for the crime. K.S.A. 2017 Supp. 21-6820(c)(1). Moreover, the imposition of a prison sentence under K.S.A. 2017 Supp. 21-6604(f)(1) does not constitute a departure from a presumptive sentence, even when the new crime would otherwise result in a presumptive sentence of probation. K.S.A. 2017 Supp. 21-6604(f)(1); *State v. Williams*, No. 118,149, 2018 WL 1247034, at *1 (Kan. App. 2018) (unpublished opinion).

In this case, however, Clay does not challenge the length or term of his presumptive sentence. Instead, he challenges the district court's interpretation of K.S.A. 2017 Supp. 21-6604(f)(1). We may review whether the district court properly interpreted the relevant sentencing statute, even in the context of a presumptive sentence. See *State v. Warren*, 297 Kan. 881, Syl. ¶ 1, 304 P.3d 1288 (2013) (holding that when a defendant who receives a presumptive sentence claims the district court misinterpreted its own statutory authority, the appellate court may take up the limited question of whether the district court properly interpreted the sentencing statute). Stated differently, whether Clay, in fact, received a presumptive sentence goes to the heart of his argument on appeal. Thus, we must address the merits of Clay's claim on appeal to resolve whether the district court properly applied the sentencing statute.

K.S.A. 2017 Supp. 21-6604(f)(1), which is unchanged from the version in effect when Clay committed and was sentenced for aggravated escape from custody, states:

> "When a new felony is committed while the offender is incarcerated and serving a sentence for a felony, or while the offender is on probation, assignment to a community correctional services program, parole, conditional release or postrelease supervision for a felony, . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

The district court found that Clay's felony aggravated escape from custody conviction fell within the parameters of K.S.A. 2017 Supp. 21-6604(f)(1) because he was "incarcerated and serving a sentence for a felony" when he committed the crime. To cover all the bases, the district court also found that there was a "good chance that [Clay] was actually on probation at the time" and "possibly even on conditional release too."

On appeal, Clay argues, as he did in district court, that he was not serving a sentence for a felony when he committed the new crime of aggravated escape from custody. Clay also argues that he was not on conditional release when he committed his new felony and that he was not on probation. The State concedes that Clay was not on conditional release, but argues that Clay was incarcerated and serving a felony sentence when he committed his new crime of aggravated escape from custody. The State also argues that Clay was on felony probation when he committed his new crime because he was assigned to the work release program as a condition of his probation in 16CR1856.

K.S.A. 2017 Supp. 21-6604(f)(1) provides that a court may order imprisonment in a presumptive probation case when a new felony is committed "while the offender is incarcerated and serving a sentence for a felony" or "while the offender is on probation, assignment to a community correctional services program, parole, conditional release or postrelease supervision for a felony." We will first address whether Clay was incarcerated and serving a sentence for a felony when he committed his new crime of aggravated escape from custody. Clay does not challenge the fact that forgery is a severity level 8, nonperson felony. See K.S.A. 2017 Supp. 21-5823(b)(1). He also does not challenge the fact that his conviction of aggravated escape from custody was a felony.

Clay argues that the "district court had not ordered [him] to serve his felony sentence in 16CR1856, so he was not serving that sentence when he failed to return to the jail after his work release job." He argues that a person is serving a sentence for a felony only when the person is in prison, and that work release is not "imprisonment." But

5

K.S.A. 2017 Supp. 21-6604(f)(1) does not refer to imprisonment; it only requires "incarcerat[ion]." In addition to Clay's concession in district court that work release could be considered incarceration, we also have many cases that hold that work release may be authorized during a period of incarceration without altering the nature of the sentence from one of incarceration. See, e.g., *State v. Bishop*, 44 Kan. App. 2d 739, 740, 240 P.3d 614 (2010) (noting that the district court had ordered defendant to "serve a mandatory 120 days in jail with eligibility for work release after 5 days"); *State v. Fairbanks*, No. 111,847, 2015 WL 4366507, at *2 (Kan. App. 2015) (unpublished opinion) (stating that the district court "ordered him to serve a modified sentence of 30 days' incarceration and authorized work release during the 30 days"); *State v. Blankenship*, No. 105,520, 2012 WL 718946, at *1-2 (Kan. App. 2012) (unpublished opinion) (holding that removal from a work release program and return to jail to complete sentence did not constitute sentence modification), *rev. denied* 296 Kan. 1131 (2013).

In sum, a defendant's assignment to a work release program is considered to be incarceration. Here, Clay was incarcerated and assigned to the Sedgwick County work release facility as part of his sentence on his felony forgery convictions. As a result, Clay was "incarcerated and serving a sentence for a felony" when he committed his new felony offense of aggravated escape from custody. We do not need to address the parties' competing arguments about whether Clay was on felony probation for the forgery convictions when he committed his new offense. In this instance, the district court did not err in applying K.S.A. 2017 Supp. 21-6604(f)(1) by ordering imprisonment for Clay's new conviction of aggravated escape from custody, even when the new crime of conviction otherwise presumed a nonprison sentence.

Affirmed.